IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

    Plaintiff,

v.                                          CASE NO. 1:13-cv-166-MW-GRJ

CITY OF GAINESVILLE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 6.) From a review of the Complaint, it appears that the facts as presented fail to state a claim upon which relief can be granted against Defendant City of Gainesville/Gainesville Police Department,[1] and claims against these defendants should be dismissed. Service will be directed as to the remaining Defendant by separate order.

## Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be

---

[1] Plaintiff originally named the City of Gainesville as Defendant in this action. In his amended complaint, he names the Gainesville Police Department and Officer Jeremiah Kelly. The Gainesville Police Department is an agency of Gainesville and thus not a proper party to name in this suit. The governmental entity that controls the Gainesville Police Department, namely, the City of Gainesville is the proper party. However, Plaintiff has failed to state a claim against either entity.

dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing *Monroe v. Pape*, 365 U.S. 167, 183-84 (1961) (*overruled on other grounds by Monell v. Department of Social Servs.,* 436 U.S. 658 (1978))).

In *Monell*, 436 U.S. 658 (1978), the Supreme Court held that municipal entities – like Defendant City of Gainesville/Gainesville Police Department– cannot be held liable

under a theory of vicarious liability or *respondeat superior.* The only theory under which a governmental entity can be held liable under section 1983 is when the unlawful conduct, which caused the injuries, constitutes an official policy or custom. *Id.* 694.

### Background and Facts

In his Complaint, Plaintiff alleges that on he was stopped and issued a citation for running a stop sign by Gainesville Police Officer Jeremiah Kelly. When Plaintiff was issued the citation he was at his aunt's house and was conversing with family members who were there for her birthday party. He alleges that Officer Kelly assumed Plaintiff did not know the other people there, and so he arrested Plaintiff for disturbing the peace. Plaintiff alleges that he was never read his *Miranda* rights, and Officer Kelly denied his request to have his attorney present while he was being questioned. Plaintiff also alleges that police officers searched his car, despite Plaintiff's refusal to grant them consent to search. The complaint goes on to allege malicious prosecution because the state dropped all charges related to this incident. Plaintiff alleges damages due to the false arrest, including reputation harm and a lack of trust in law enforcement officers resulting from this incident, and seeks $360,000 in damages.

### Discussion

Plaintiff has failed to state a claim for relief against Defendant City of Gainesville/Gainesville Police Department. The City of Gainesville and/or the Gainesville Police Department cannot be held liable under a theory of *respondeat superior*, as discussed above. This means that the City/Police Department cannot be liable simply because they employ police officers who may have committed constitutional violations. The City's liability can only be based upon an unlawful policy

or custom, as dictated by Monell.  *Id.* 694.

Plaintiff's only allegation against the City of Gainesville/Gainesville Police Department is "[i]f the Gainesville Police Department allows or encourages for their Officers employed with that agency to practice racial profiling, then the Gainesville Police Department themselves are practicing vicarious discrimination as well." However, as discussed above, there is no vicarious liability for the city unless the unconstitutional conduct of the officer constituted an official policy or custom.  Plaintiff does not allege that the City of Gainesville or the Gainesville Police Department has a custom or policy which was the cause of racial profiling, and therefore Plaintiff has failed to state a claim against the City/Police Department under *Monell.*

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The claims against the City of Gainesville and the Gainesville Police Department should be dismissed for failure to state a claim.

2.  Service will be directed on the remaining Defendant, Officer Kelly, by separate order.

**IN CHAMBERS,** at Gainesville, Florida,  this 25th day of November 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge