IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

    Plaintiff,

v.                                            CASE NO. 1:13-cv-166-MW-GRJ

OFFICER JEREMIAH KELLY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* litigant, initiated this case on August 30, 2013, by filing a complaint pursuant to 42 U.S.C. § 1983. This case is before the Court on Doc. 36, Defendant's Motion to Dismiss with Prejudice for Failure to Comply with Court Orders. Plaintiff has failed to file a response and the time for doing so has passed. For the reasons discussed below, the Court concludes that Plaintiff has failed to show good cause for failing to comply with Court orders and, therefore, Plaintiff's complaint should be dismissed with prejudice.

## Discussion

Plaintiff, who is proceeding *pro se*, alleges in his First Amended Complaint that he was stopped by Gainesville Police Officer Jeremiah Kelly, who issued Plaintiff a citation for running a stop sign. (Doc. 6.)[1] Plaintiff claims that when he was issued the citation he was at his aunt's house conversing with family members, but that Officer Kelly assumed Plaintiff did not know the people present and arrested Plaintiff for

---

[1] Plaintiff filed a Second Amended Complaint, Doc. 10, which was subsequently stricken by the Court. (Doc. 23.)

disturbing the peace.  Plaintiff states that he was never read his *Miranda* rights and Officer Kelly denied his request to have his attorney present while being questioned. Plaintiff further alleges that police officers searched his car despite Plaintiff's refusal to grant them consent to search. Plaintiff seeks damages for malicious prosecution and false arrest in the amount of $360,000.

On April 23, 2014, the Court stayed proceedings until July 12, 2015, due to Defendant's deployment to Afghanistan pursuant to 50 U.S.C. App. § 522. (Doc. 24.) Upon Defendant's return from deployment, the Court lifted the stay on January 21, 2015. (Doc. 26.) The parties were directed to confer and discuss scheduling issues and submit a Rule 26 Scheduling Report by February 10, 2015. (Doc. 26.) Defendant filed a Joint Report of Parties' Planning Meeting on February 10, 2015, noting that although Plaintiff had been sent a letter enclosing Defendant's draft of the Joint Report,

> [n]o meeting took place . . . . We also attempted to call Mr. Smith several times but only reached a recorded message stating that no voicemail box has been set up for that number. As of today's date, we have not heard back from Mr. Smith and in an abundance of caution, we are filing this Joint Report to comply with this Court's Order Lifting Stay dated January 21, 2015 (Doc. 26).

(Doc. 30.) The Court adopted Defendant's Joint Report on February 25, 2015, and set the following deadlines: (1) Rule 26 disclosures due March 11, 2015; (2) Discovery cutoff on September 30, 2015; (3) Dispositive Motions due October 20, 2015; and (4) Trial beginning February 23, 2016. (Doc. 31.)

On March 3, 2015, Defendant mailed his Mandatory Disclosures to Plaintiff; however, to date, Defendant has not received any Rule 26 disclosures from Plaintiff. (Doc. 36.) Therefore, Defendant filed a Motion to Compel Discovery on June 3, 2015.

(Doc. 32.) On June 18, 2015, Defendant also filed a Motion for Sanctions for Plaintiff's failure to appear at his scheduled deposition. (Doc. 33.) Plaintiff failed to respond to either of Defendant's motions, so on July 13, 2015, the Court granted Defendant's Motion to Compel Discovery and Motion for Sanctions. (Doc. 35.) The Court ordered Plaintiff to respond to Defendant's discovery requests by July 27, 2015, and ordered Plaintiff to pay Defense counsel the sum of $570.00 by July 27, 2015. (Doc. 35.)

Unsurprisingly, as of August 14, 2015, Plaintiff has failed to respond to Defendant's discovery requests as directed by the Court, and has also failed to pay Defense counsel $570.00 as directed by the Court. (Doc. 36.) Consequently, Defendant filed the pending Motion to Dismiss with Prejudice for Failure to Comply with Court Orders. (Doc. 36.)

Plaintiff's failure to comply with multiple Court orders demonstrates willful contempt warranting dismissal of his case. A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). However, "a dismissal with prejudice is a 'drastic remedy' that only is proper in extreme circumstances when lesser sanctions are not feasible." *Id.*

In this case, lesser sanctions have proven not to be feasible because the Court already has sanctioned Plaintiff with a monetary sanction, which has not been successful in compelling Plaintiff to comply with discovery and comply with the Court's prior orders. Despite the Court's directives to do so Plaintiff still refuses to comply with the Court's sanction order, as well as other orders. Notably, the Court advised Plaintiff in the Court's order awarding monetary sanctions that "dismissal is a drastic sanction,

and in light of the fact that the Court has determined that an award [of] fees and costs is appropriate, the Court finds that the sanction of dismissal is premature at this time and that a monetary sanction is appropriate instead." (Doc. 35.) Thus, while dismissal with prejudice may be a "drastic remedy," it appears to be the appropriate one at this point in this case.

Further, Plaintiff has been made aware of the consequences of failing to comply with the Court's orders. *See* Doc. 35 ("failure to abide by the Federal Rules of Civil Procedure may result in the imposition of more severe sanctions including, upon appropriate motion, the dismissal of Plaintiff's claims in this case"). Dismissal of a plaintiff's claims with prejudice is permitted for failure to comply with the court's orders when the plaintiff is aware of the consequences of failing to comply. *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 359 (11th Cir. 2009). Considering Plaintiff is aware of the consequences of failing to comply and he continues to do so even after monetary sanctions have been imposed, the Court concludes that dismissal of his case with prejudice is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion to Dismiss with Prejudice for Failure to Comply with Court Orders, Doc. 36, should be **GRANTED**; and

2. This case should be **DISMISSED WITH PREJUDICE** for failure to comply with court orders.

**IN CHAMBERS**, this 3rd day of September 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.